IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MEVI AVOCADOS, INC.,

        **Plaintiff,**

v.

MAYA FOODS, LLC and DORIS E. MARTINEZ,

        **Defendants.**

1:16-cv-3984-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Mevi Avocados, Inc.'s ("Plaintiff") Motion for Entry of Default Judgment Against Maya Foods, LLC [9] ("Motion for Default Judgment").

**I.  BACKGROUND**

    A.  Facts

Between June 16, 2014, and October 14, 2014, Plaintiff sold to Defendant Maya Foods, LLC ("Defendant"), in interstate commerce, wholesale quantities of produce worth $115,808.00. (Compl. ¶ 7). Defendant accepted the produce from Plaintiff. (Compl. ¶ 8). At the time of Defendant's receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers ("PACA Trust"). The PACA Trust consists of Defendant's produce or

produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession of control of Defendant since the creation of the trust.  (Compl. ¶ 9).  Plaintiff preserved its interest in the PACA Trust in the amount of $110,068.00 by sending invoices to Defendant containing the statutory language required to preserve trust benefits under 7 U.S.C. §499e(c)(4).  (Compl. ¶ 10).

Defendant failed to pay Plaintiff $110,068.00 in PACA Trust funds.  (See Compl. ¶ 13;  [9.2] at ¶ 7; Statement of Account [9.5]; Invoices [9.6]).

B.   Procedural History

On October 26, 2016, Plaintiff filed this action against Defendant and its director Doris E. Martinez, pursuant to the trust provision of the Perishable Agricultural Commodities Act ("PACA"), Section 5(c), 7 U.S.C. § 499e(c).

On January 11, 2017, the Clerk of Court entered default with respect to Defendant.  On January 14, 2017, Plaintiff filed its Motion for Default Judgment, requesting the Court to enter default judgment against Defendant pursuant to Federal Rules of Civil Procedure 55(b)(1) or 55(b)(2), and Section 5(c) of the PACA, 7 U.S.C. § 499e(c).  Plaintiff seeks $156,315.63, which includes (1) the principal amount of $110,068.00, (2) interest through January 13, 2017, at the rate

of 18% per annum, in the amount of $38,528.38, and (3) attorneys' fees and costs in the amount of $7,719.25.

## II.  DISCUSSION

### A.  Legal Standard

Rule 55(b) of the Federal Rules of Civil Procedure provides that default judgment may be entered against defaulting defendants as follows:

> (1) ***By the Clerk.***  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) ***By the Court.***  In all other cases, the party must apply to the court for a default judgment. . . .  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
> (A)  conduct an accounting;
> (B)  determine the amount of damages;
> (C)  establish the truth of any allegation by evidence; or
> (D)  investigate any other matter.

Fed. R. Civ. P. 55(b).

"[T]here is a strong policy of determining cases on their merits . . . . [Courts] therefore view defaults with disfavor."  In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).  "The entry of a default judgment is committed to the

discretion of the district court." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2685 (1983)).

When considering a motion for default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988). If "the plaintiff has alleged sufficient facts to state a plausible claim for relief," a motion for default judgment is warranted. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." Id. at 1245. "[W]hile a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" Cotton, 402 F.3d at 1278 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

B.   Analysis

1.   PACA Claim

The PACA provides that it shall be unlawful in, or in connection with, any transaction in interstate or foreign commerce to, among other things, fail to maintain a PACA trust or fail to make full payment promptly to the trust beneficiary.  7 U.S.C. § 499b(4).  The PACA requires produce suppliers to provide notice to the buyer of their intent to preserve trust benefits.  See 7 U.S.C. § 499e(c)(4).

Here, Defendant failed to pay Plaintiff in full, and the principal amount of $110,068.00 remains due and owing.  (See Compl. ¶ 13; [9.2]; [9.5]).  Plaintiff preserved its trust rights by including the language required under Section 499e(c)(4) on its invoices to Defendant.  (See Compl. ¶ 10; [9.2]; [9.6]).  The Court finds Plaintiff's Complaint states a claim under the PACA.

2.   Remedies

Plaintiff seeks $156,315.63, which includes (1) the principal amount of $110,068.00, (2) interest through January 13, 2017, at the rate of 18% per annum, in the amount of $38,528.38, and (3) attorneys' fees and costs in the amount of $7,719.25.  The Court may grant default judgment and award damages without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical

calculation." Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985); United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir.1979). "While a party in default admits the well-pleaded allegations of the complaint against it, a plaintiff cannot satisfy the certainty amount by simply requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." Elektra Entm't Grp., Inc. v. Jensen, No. 1:07-CV-0054-JOF, 2007 WL 2376301, at *2 (N.D. Ga. 2007) (internal quotation omitted); see also Adolph Coors, 777 F.2d at 1544 ("Damages may be awarded only if the record adequately reflects the basis for award."). The Court is obligated to assure (i) there is a proper basis for the damage award it enters, and (ii) that damages are not awarded solely as the result of an unrepresented defendant's failure to respond. Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1265 (11th Cir. 2003).

The Court finds Plaintiff's supporting affidavits and documents support its claimed principal damages amount, that the damages are capable of mathematical calculation, and that the damages are reasonable. Plaintiff provides invoices it sent to Defendant, its own account worksheets, and affidavits of its employees showing that Defendant owes Plaintiff $110,068.00. (See [9.5]; [9.6]; [9.2]).

Turning to Plaintiff's request for attorneys' fees and interest, the PACA provides that a dealer receiving produce must hold the produce in trust "for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment of the sums owing in connection with such transaction has been received." 7 U.S.C. § 499e(c)(2). In Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632 (11th Cir. 2004), the Eleventh Circuit held that a contractual claim for attorneys fees and interest falls under the definition of the "sums owing in connection with such transaction," and is recoverable as part of a PACA trust claim. Here, the parties' agreement includes interest at the rate of 1.5% per month, or 18% per annum, on the debt owed on the invoices dated from June 16, 2014, through October 15, 2014. (See [9.6]). The total amount of accrued interest through January 13, 2017, is $38,528.38. (See [9.8]).

The parties' agreement also includes a provision for the payment of "any attorney's fees necessary to collect any balance due . . . ." ([9.5]). The Court has reviewed Plaintiff's attorneys' fees and costs claims. Plaintiff submitted detailed invoices and affidavits from two firms regarding their fees. Kevin A. Maxim, a Georgia attorney with the Maxim Law Firm, P.C., bills at a rate of $295.00. The Court finds this rate a reasonable, and likely below-market, rate in the Atlanta market for legal services. Having reviewed Mr. Maxim's detailed entries, it

appears he spent approximately 6 hours working on this action, which the Court finds reasonable.  He incurred $246.79 in costs in this matter.  Three Washington, D.C. attorneys with the firm McCarron & Diess also submitted their detailed invoices.  Two of these D.C.-based attorneys bill at an hourly rate of $400.00, and the third, an associate, bills at a rate of $300.00 per hour.  The Court finds these rates reasonable in the Washington, D.C. market for legal services.  Having reviewed the invoice submitted, the three McCarron & Diess attorneys billed a total of 10.65 hours of work in this action, which the Court finds reasonable given the status of this litigation.  Plaintiff seeks a total of $7,719.25 in attorneys' fees and costs.  The Court grants Plaintiff's request for attorneys' fees and costs.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Mevi Avocados, Inc.'s Motion for Entry of Default Judgment Against Maya Foods, LLC [9] is **GRANTED**.  The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff against Defendant Maya Foods, LLC in the following amounts:  (1) principal damages in the amount of $110,068.00; (2) interest in the amount of $38,528.38; and (3) attorneys' fees and costs in the amount of $7,719.25, for a total award of $156,315.63.

**SO ORDERED** this 7th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE