## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| MEVI AVOCADOS, INC.<br>9112 S. Cage Boulevard<br>Pharr, TX 78577<br>(956) 702-9010 | :<br>:<br>:<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Case No. 1:16-cv-03984-WSD |
| MAYA FOODS, LLC,<br>DORIS E. MARTINEZ, | :<br>:<br>: |
| and | :<br>: |
| ADOLFO MARTINEZ<br>6532 Voyles Drive<br>Riverdale, GA 30274<br>(770) 703-5039 | :<br>:<br>:<br>:<br>: |
| Defendants. | : |

**AMENDED COMPLAINT**
**(To Enforce Payment From Produce Trust)**

Plaintiff, Mevi Avocados, Inc. ("Mevi"), for its Amended Complaint against

Defendants, Maya Foods, LLC, Doris E. Martinez and Adolfo Martinez, alleges:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA") and 28 U.S.C. §1331.

2. Venue in this District is based on 28 U.S.C. §1391 in that (a) Plaintiff's claim arose in this District and (b) Defendants reside in this District.

## PARTIES

3. Plaintiff, Mevi, a Texas company with its principal place of business in Pharr, Texas, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4. a. Defendant Doris E. Martinez is and was the owner, officer and/or director of Maya who controlled the day to day operations of Maya, and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

b. Defendant Adolfo Martinez, upon information and belief, is and was the owner, officer and/or director of Maya who controlled the day to day operations of Maya, and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

## PARTY AGAINST WHOM DEFAULT JUDGMENT HAS BEEN ENTERED

5.  Defendant, Maya, is a Georgia limited liability corporation with its principal place of business in Forest Park, Georgia, is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA. Default Judgment was entered against Maya on March 8, 2017. [D.E. 11 and 12.]

## GENERAL ALLEGATIONS

6.  This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

7.  Between June 16, 2014 and October 14, 2014, Plaintiff sold and delivered to Maya, $110,068.00 worth of wholesale perishable agricultural commodities which had been shipped or moved in interstate commerce, all of which remains unpaid.

8.  Maya accepted the produce from Plaintiff.

9.  At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of Maya's produce or produce-related assets, including all funds commingled with

funds from other sources and all assets procured by such funds, in the possession or control of Maya since the creation of the trust.

10.     Plaintiff preserved its interest in the PACA trust in the amount of $110,068.00 by sending invoices to Maya containing the statutory language required to preserve trust benefits pursuant to 7 U.S.C. §499e(c)(4) and remains a beneficiary until full payment is made for the produce.

11.     Maya's failure and refusal to pay Plaintiff demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## **COUNT 1**

### **(Failure to Pay Trust Funds)**

12.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.     The failure of Maya to make payment to Plaintiff of trust funds in the amount of $110,068.00 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $110,068.00 to Plaintiff.

## COUNT 2

### (Unlawful Dissipation of Trust Assets by a Corporate Official – Doris E. Martinez)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. Defendant Doris E. Martinez is and was and officer, member and/or director Maya who operated Maya during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

16. Defendant Doris E. Martinez failed to direct Maya to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

17. Defendant Doris E. Martinez's failure to direct the Maya to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

18. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Doris E. Martinez in the amount of $110,068.00.

## COUNT 3

### (Unlawful Dissipation of Trust Assets by a Corporate Official – Aldofo Martinez)

19. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 18 above as if fully set forth herein.

20. Defendant Adolfo Martinez is and was and officer, member and/or director Maya who operated Maya during the period of time in question and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

21. Defendant Adolfo Martinez failed to direct Maya to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce supplied.

22. Defendant Adolfo Martinez's failure to direct the Maya to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

23. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against Defendant Adolfo Martinez in the amount of $110,068.00.

## COUNT 4

### (Failure to Make Prompt Payment of Trust Funds – Doris E. Martinez and Adolfo Martinez)

24. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 23 above as if fully set forth herein.

25. Maya received each of the shipments on which this action is based.

26. Maya is required to promptly tender to Plaintiff full payment for the produce received in those shipments pursuant to PACA.

27. Doris E. Martinez and Adolfo Martinez, by virtue of their position of control over Maya, are and or were required to direct Maya to promptly pay Plaintiff for the produce it supplied.

28. Maya failed and refused to pay for the produce supplied by Plaintiff within the payment terms specified by 7 C.F.R. § 46.2(aa).

29. As a direct and proximate result of the failure of Maya to pay promptly, and the failure of Doris E. Martinez and Adolfo Martinez to ensure Maya made prompt payment, Plaintiff has incurred damages in the amount of $110,068.00, plus interest from the date each invoice became past due, costs and attorneys' fees.

WHEREFORE, Plaintiff requests judgment against Doris E. Martinez and Adolfo Martinez, jointly and severally with Maya, in the amount of $110,068.00 plus

interest from the date each invoice became past due, costs and attorneys' fees under the trust provisions of PACA.

## COUNT 5

### (Interest and Attorneys' Fees)

30. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 29 above as if fully set forth herein.

31. PACA and the invoices entitle Plaintiff to recover interest and attorneys' fees in the event that Defendants violate their obligation under PACA and the invoices by failing to pay for the produce.

32. Defendants' continued failure to make full payment promptly for the produce sold and delivered to Maya by Plaintiff, entitles Plaintiff to recover interest and attorney's fees in enforcing the PACA trust and the invoices.

WHEREFORE, Plaintiff requests judgment against each of the Defendants, jointly and severally, for pre-judgment interest at the rate of 1.5% per month, costs, and attorneys' fees.

Respectfully submitted this _____ day of _____, 2017.

>  s/ Kevin A. Maxim
>  Georgia Bar No. 478580
>  Attorney for Plaintiff
>  Mevi Avocados, Inc.
>
>  THE MAXIM LAW FIRM, P.C.

- 9 -

           1718 Peachtree St., NW
           Suite 599
           Atlanta, Georgia 30309
           Phone: (404) 924-4272
           Fax:    (404) 924-4273
           E-mail: *kmaxim@maximlawfirm.com*